UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| PHUONG LE, )<br>)<br>Movant )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | Civil No. 07-182-P-S<br>Criminal No. 04-136-P-S |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Phuong Le has lodged a 28 U.S.C. § 2255 attack on his thirty-nine month sentence imposed after he pled guilty to conspiring to distribute crack cocaine. Le argues that his counsel, while successful in obtaining some reductions in his sentence, neglected to press other grounds for reduction. Pursuant to Rule 4 of the Rules Governing 2255 proceedings, I recommend as follows.

*Discussion*

In his 28 U.S.C. § 2255 memorandum, Le argues: "Although[] defense counsel addressed with the government [] the defendant's other issues which resulted in a reduction of sentence, the defendant believes that had defense counsel presented the issues asserted herein, the court would have departed downward, and awarded him a lesser sentence than the 39 months that was imposed." (Sec. 2255 Mem. at 1.) Le explains:

> The defendant hereby asserts that he is not challenging his plea
> agreement. The [defendant] knew that he was guilty and he timely pled

>guilty to the offense of conviction, where he was awarded a reduction of sentence, but the reason why [he] brought this petition before the court is that had defense counsel present the issues asserted herein, he would have received a lesser sentence.

(Id. at 2.)

Le relates that he is currently experiencing financial hardship due to his incarceration and his relatives are experiencing atypical and extraordinary medical problems. (Id. at 6.) His grandfather has severe back pain, his aunt has cholera, and his maternal aunt has been diagnosed with and is being treated for cancer. (Id.) He states that these family medical problems are affecting him significantly and interfering with his rehabilitation, warranting a downward departure. (Id.) He indicates that he is trying to save money to send to his ailing relatives in Vietnam. (Id.) He believes that defense counsel should have presented this situation to the court and if counsel had he would have received a downward departure. (Id.)

Le also argues that counsel should have argued that concerns about his cultural assimilation warranted a downward departure. He represents that he came to the United States on February 16, 1993, sponsored by a faith-based organization. (Id. at 7.) His father is a U.S. service man; Le has never met him. (Id.) Le is hoping that he will receive United States citizenship because of his father. (Id.) Le opines that the deportation of him to a country that he left in 1993 will have significant effects on him, and so the felony conviction poses a far more serious obstacle for him than it would for a person born in the United States. (Id.)

With regards to Le's claims of ineffective assistance this Court can draw on its first-hand knowledge in weighing the merits of Le's § 2255 grounds. See United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993) (observing that, when, a "petition for federal

habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing."). Le's motion raises a straightforward question about whether or not the sentencing judge would have embraced one or both of these arguments and reduced Le's sentence even further. Obviously defense counsel joined significant issues related to sentence reduction, since the court already reduced the sentence Le received after the United States moved for a downward departure (Crim. No. 04-136-P-S, Docket No. 443) and Le's attorney pressed other strong grounds aimed at reducing Le's sentence (Id., Docket No. 442).[1]

Thus, the Court is in the best position to review the motion under the Strickland v. Washington, 466 U.S. 668 (1984) performance/prejudice standard.

### *Conclusion*

For the reasons set forth above, I recommend that the Court examine Le's 28 U.S.C. § 2255 motion pursuant to Rule 4 (a) & (b) of the Rules Governing Section 2255 proceedings and if the court concludes the petitioner is not entitled to relief the petition must be summarily dismissed.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive

---

[1] I do not have the sentencing transcript available to me to set forth any further context. If the court believes that further response from the United States is necessary before it is in a position to rule on this motion, it can order the Government to obtain the sentencing transcript and answer the petition. It appears that a sentencing transcript has not been prepared. However, since Le's only legal claim is ineffective assistance of counsel based on counsel's failure to press these two additional factual predicates, it seems to me that the sentencing judge is best suited to initially examine this case and determine if summary dismissal is warranted. The sentencing judge may well recall that some or all of these "additional" facts were known to him at the time of sentencing in any event.

3

memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

October 26, 2007.

/s/Margaret J. Kravchuk
U.S. Magistrate Judge